**SO ORDERED: October 6, 2016.**



_____
**James M. Carr
United States Bankruptcy Judge**

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) |
| MICHAEL DAVID SMITH, | ) Case No. 15-09619-JMC-13 |
| | ) |
| Debtor. | ) |
| | ) |

### ORDER SUSTAINING TRUSTEE'S OBJECTION TO CONFIRMATION

THIS MATTER comes before the Court on the Trustee's Objection to Confirmation (Docket No. 26) filed by Ann M. DeLaney ("Trustee") on June 13, 2016 (the "Objection"). The Court, having reviewed the Objection, having received evidence and heard the arguments of counsel for Michael David Smith ("Debtor") and for Trustee at a hearing on September 1, 2016, having reviewed all pre-hearing and post-hearing briefs filed by Debtor and Trustee, and being otherwise duly advised, now **SUSTAINS** the Objection and **DENIES** confirmation of Debtor's chapter 13 plan filed on May 12, 2016 (Docket No. 23) (the "Plan").

In the Plan, Debtor proposes to make equal monthly payments of $200 each for 36 months. However, 11 U.S.C. § 1325(b)(1)(B) provides that if the Trustee (or some other party in interest) objects to confirmation, then the Court may not confirm the Plan unless the Plan

provides that all of Debtor's disposable income to be received in the "applicable commitment period" is paid to unsecured creditors. In this case, pursuant to 11 U.S.C. § 1325(b)(4)(A)(ii), the "applicable commitment period" is "not less than 5 years, if the current monthly income of *the debtor* and *the debtor's spouse* combined, when multiplied by 12," is not less than the highest median family income in Indiana for a family of 4 members plus $1,350 (the "Median Family Income Ceiling") (emphasis added). The parties have stipulated that (1) the monthly Median Family Income Ceiling is $7,565.33, and (2) prior to application of any "marital adjustment," the sum of the monthly incomes of Debtor and his spouse is $9,548 (the "Combined Monthly Income").

However, Debtor contends that he is entitled to a "marital adjustment" consisting of subtractions from the Combined Monthly Income including (1) $1,076, the amount Debtor's spouse pays each month as a mortgage payment for the house that the spouse owns but in which reside Debtor, his child by a prior marriage and his three stepchildren; and (2) $890, the total amount Debtor's spouse pays as a monthly car payment for financing the purchase of and insuring an automobile she owns but both Debtor and his spouse operate from time to time to transport themselves and the children. If Debtor is entitled to a marital adjustment of not less than $1,872.89, then the Combined Monthly Income would drop below the monthly Median Family Income Ceiling and Debtor's "applicable commitment period" would be 36 months (the period provided for in the Plan) pursuant to 11 U.S.C. § 1325 (b)(4)(A)(i).

The term "marital adjustment" does not appear in the Bankruptcy Code. Debtor thinks it is an applicable concept because Official Form 22C-1 uses that term to determine whether a debtor is or is not above the median income level. See Exhibit 1 at Part 2, Line 13 and Part 3, Line 19. The use of the term "marital adjustment" in Official Form 22C-1 is derived from the

definition of "current monthly income" found at 11 U.S.C. § 101(10A). The definition includes as "current monthly income" both (A) Debtor's average monthly income over a 6 month period preceding the petition date, and (B) "any amount paid by any entity…on a regular basis for the household expenses of the debtor or the debtor's dependents." Congress failed in 11 U.S.C. § 101(10A) to expressly define current monthly income of a non-filing spouse. As a result, Debtor argues that the only portion of the income of his non-filing spouse that should be included in calculating the Combined Monthly Income is the amount that constitutes "any amount paid by [the non-filing spouse] … on a regular basis for the household expenses of the [Debtor] or the [Debtor's] dependents …."

The Court agrees with that part of Debtor's argument. However, Debtor goes further to assert that the non-filing spouse's monthly mortgage and car payments cannot be included under 11 U.S.C. § 101(10A)(B) because Debtor is not contractually obligated to make those payments. Debtor's non-filing spouse is the sole obligor with respect to the mortgage and auto financing.[1]

Decisions of other courts support Debtor's assertion including *In re Clemons*, No. 08-82968, 2009 WL 1733867 (Bankr. C.D.Ill June 16, 2009). However, this Court reads the statute to provide that the income of a non-filing spouse that is regularly used to defray household expenses for the benefit of a debtor and/or the debtor's dependents should be included in determining whether the 11 U.S.C. § 1325(b)(4)(A)(ii) threshold has been met, even if the debtor is not contractually obligated with respect to such amounts being paid by the non-filing spouse. The Court so reads the statute because it seems incongruous to add the requirement of Debtor's contractual obligation to 11 U.S.C. § 101(10A)(B). With respect to many household expenses, such as food and clothing, no one (including Debtor) would normally be contractually obligated

---

[1] No evidence was produced at the hearing as to whether Debtor is obligated for the monthly auto insurance premium for the spouse's auto. However, Debtor testified that he is an insured under the auto insurance.

prior to making such expenditures. Moreover, the notion that a debtor's dependents would commonly have a contractual obligation with respect to any of a household's expenses seems farfetched. The Court's reading of the statute is consistent with the opinion in *In re Trimarchi*, 421 B.R. 914 (Bank.N.D.Ill 2010).

The non-filing spouse's monthly mortgage payment and car payments constitute amounts paid on a "regular basis for the household expenses of [D]ebtor or [D]ebtor's dependents." On Official Form B 6I (Exhibit 2), Debtor lists his son and the three stepdaughters as his dependents. That listing is consistent with Indiana law and the testimony at the hearing of Debtor and his spouse. Debtor and his four dependents live in the house that is maintained as a result of the spouse's monthly mortgage payments. Moreover, the testimony of Debtor and his spouse is that Debtor and his spouse interchangeably use her car to transport the family members. Debtor is a named insured on the insurance for the vehicle. The Court also notes that Debtor and his spouse pay their household expenses from a joint checking account in which both spouses' income is regularly deposited.

For these reasons, the Court determines that Debtor is not entitled to a "marital adjustment" for the non-filing spouse's mortgage and car payments. Therefore, the Combined Monthly Income exceeds the Median Family Income Ceiling and 60 months is the applicable commitment period.

Debtor is **ORDERED** to file an amended plan within 45 days.

IT IS SO ORDERED.

# # #